FILED

**NOT FOR PUBLICATION**

MAR 20 2014

UNITED STATES COURT OF APPEALS

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>  Plaintiff - Appellee,<br><br>  v.<br><br>KEVIN WILLIAM HARPHAM,<br><br>  Defendant - Appellant. | No. 12-30063<br><br>D.C. No. 2:11-cr-00042-JLQ-1<br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the Eastern District of Washington
Justin L. Quackenbush, Senior District Judge, Presiding

Argued and Submitted March 4, 2014
Portland, Oregon

Before: GOODWIN, TROTT, and W. FLETCHER, Circuit Judges.

Appellant Kevin William Harpham pled guilty to two terrorism-related charges pursuant to a plea agreement. Harpham appeals his conviction arguing, among other things, that his guilty pleas were coerced, rendering both his plea

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

agreement and appeal waiver unenforceable. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we dismiss the appeal.

We review de novo whether Harpham waived his right to appeal. *United States v. Bibler*, 495 F.3d 621, 623 (9th Cir. 2007). We likewise review the voluntariness of Harpham's guilty pleas de novo. *United States v. Kaczynski*, 239 F.3d 1108, 1114 (9th Cir. 2001).

The record establishes that Harpham's decision to plead guilty was a knowledgeable, voluntary act. A plea is voluntary if it "represents a voluntary and intelligent choice among the alternative courses of action open to the defendant." *Id.* (quoting *North Carolina v. Alford*, 400 U.S. 25, 31 (1970)). As we have noted, because "it is difficult to probe the highly subjective state of mind of a criminal defendant, the best evidence of his understanding when pleading guilty is found in the record of the Rule 11 colloquy." *United States v. Jimenez-Dominguez*, 296 F.3d 863, 869 (9th Cir. 2002).

Here, the district court conducted a thorough change of plea hearing to ensure that Harpham's pleas were voluntary and knowing. Harpham confirmed on the record that: he had sufficient time to discuss the plea agreement with his attorneys and fully understood its content; he understood that he had the right to continue his pleas of not guilty; he understood the nature of the charges against

him as well as the rights he was waiving by pleading guilty; and he was not induced by any threats or promises to enter the guilty pleas. We give these contemporaneous on-the-record statements "substantial weight . . . in assessing the voluntariness of [Harpham's] pleas." *United States v. Mims*, 928 F.2d 310, 313 (9th Cir. 1991). Nothing in the record supports Harpham's conclusory allegation that he was coerced into pleading guilty because his trial attorneys were unprepared for trial. *See United States v. Moore*, 599 F.2d 310, 313 (9th Cir. 1979). We also reject Harpham's claim that the report written by an alleged expert he retained after pleading guilty affects in any way the voluntariness of his guilty pleas on September 7, 2011. *See United States v. Navarro-Botello*, 912 F.2d 318, 320 (9th Cir. 1990). The district court's compliance with Rule 11 and Harpham's on-the-record admissions leave no doubt that his guilty pleas were voluntary and intelligent acts. *See Doe v. Woodward*, 508 F.3d 563, 570–72 (9th Cir. 2007) (holding that a petitioner's guilty plea was voluntary where the record showed it was entered after a thorough plea colloquy).

Under substantially the same reasoning, Harpham voluntarily waived his right to appeal his conviction and sentence. During Harpham's Rule 11 hearing, the district court specifically directed Harpham to the appeal waiver section of his plea agreement and explained that, by pleading guilty, Harpham was waiving his

right to challenge his conviction and sentence. After addressing the constitutional rights Harpham was waiving by pleading guilty, the court again addressed the appeal waiver, explaining Harpham's more expansive appellate rights should he proceed to trial. Harpham confirmed that he understood his rights, including the right to appeal any of the court's prior rulings. Given the plain language of the appeal waiver and Harpham's multiple confirmations that he understood the terms of the plea agreement, Harpham knowingly and voluntarily waived his right to appeal. *See United States v. Nguyen*, 235 F.3d 1179, 1182–84 (9th Cir. 2000), *abrogated on other grounds by United States v. Rahman*, 642 F.3d 1257, 1259 (9th Cir. 2011).

Harpham's sole claim not barred by his appeal waiver is his claim that his sentence is illegal because 18 U.S.C. § 232(5)(B) is unconstitutionally vague. *See Bibler*, 495 F.3d at 624. "Where, as here, a statute is challenged as unconstitutionally vague in a cause of action not involving the First Amendment, we do not consider whether the statute is unconstitutional on its face. Rather, we must determine whether the statute is impermissibly vague in the circumstances of [the] case." *United States v. Rodriguez*, 360 F.3d 949, 953 (9th Cir. 2004) (citations, alteration, and internal quotation marks omitted). Because "a person of average intelligence would reasonably understand that the charged conduct is

4

proscribed," *United States v. Williams*, 441 F.3d 716, 724–25 (9th Cir. 2006), Harpham's due process challenge to § 232(5)(B) fails.

**DISMISSED.**